**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **RISING TIDE STYLE, LLC** | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND** |
| v. | ) | **DEMAND FOR JURY** |
| | ) | **TRIAL** |
| **RISING TIDE COLLECTION, LLC** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Rising Tide Style, LLC ("Plaintiff" or "Rising Tide"), alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1), trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair and deceptive acts or practices under Mass. Gen. Laws c. 93A, §11, and trademark infringement and unfair competition in violation of the common law of the State of Massachusetts.  Plaintiff seeks both equitable and monetary relief from Defendant Rising Tide Collection, LLC's ("Defendant") knowing and willful infringement of Plaintiff's RISING TIDE trademarks.

1

## PARTIES

2.      Plaintiff Rising Tide Style, LLC is a Maryland limited liability company with its principal place of business at 114 S. Talbot St, St. Michaels, MD 21663.

3.      Upon information and belief, Defendant Rising Tide Collection, LLC is a Massachusetts limited liability company with its principal place of business at 6 Jasons Lane, Scituate, MA 02066.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Because the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to Plaintiff's federal claims and arise out of the same case or controversy.

5.      The Court has personal jurisdiction over Defendant because, among other things, Defendant is located and transacts business in Massachusetts.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District, Defendant is transacting business in the District, a substantial part of the events giving ride to Plaintiff's claims have occurred and are continuing to occur in this District, and because this Court has personal jurisdiction over Defendant.

## PLAINTIFF'S VALUABLE RIGHTS

7.      Since 2018, Rising Tide has sold coastal-inspired men's and women's clothing and accessories throughout the United States.

8.     A signature feature and source identifier, the RISING TIDE mark is proudly displayed at Rising Tide's retail establishment in Maryland and on Rising Tide's products (the "RISING TIDE Mark"), as shown below:







9.      Rising Tide widely and extensively promotes and sells products under the

RISING TIDE Mark nationwide through its website, risingtidestyle.com, and on social media

pages, including Facebook and Instagram, both operating under the handle @risingtidestyle, as

shown below:



(https://www.facebook.com/risingtidestyle/)



(https://www.instagram.com/risingtidestyle/)

10.     Additionally, customers and potential retailers are encouraged to contact Rising Tide about the RISING TIDE products and policies through its email address, whatsup@risingtidestyle.com.

11.     Through its longstanding and continuous use of the RISING TIDE Mark to identify its products and sales services, Rising Tide has acquired common law trademark rights to the mark throughout the United States, including in Massachusetts, where Rising Tide has sold and shipped products bearing the RISING TIDE Mark directly to customers since at least as early as May 2021.

12.     In addition to its longstanding common law rights in the RISING TIDE Mark, Rising Tide owns a U.S. federally registered trademark for the RISING TIDE THE CHESAPEAKE ORIGINAL & Design mark (U.S. Registration No. 5942520) (the "RISING TIDE Logo"):



13.     U.S. Registration No. 5942520 issued on December 24, 2019 for the RISING TIDE Logo for "men's and women's clothing, namely, sweatshirts, T-shirts, pants, shorts, shirts, jackets, belts for clothing, hats, swimwear, sweaters, dresses, shoes, neckties and socks" in Class 25.

**DEFENDANT'S WRONGFUL ACTIVITIES**

14.     Long after Rising Tide acquired rights to the RISING TIDE Mark and RISING TIDE Logo nationwide and in Massachusetts, and no earlier than July 2021, Defendant

commenced a business selling men's and women's clothing under the identical mark RISING TIDE.

15.     Sold nationwide through Defendant's website, risingtidecollection.com, Defendant's clothing products each feature the identical RISING TIDE mark and use a similar color and stylization as the RISING TIDE Logo, as shown below:



16.     Defendant also uses the identical RISING TIDE mark throughout its website, as shown on Defendant's "About Rising Tide" webpage depicted below:

## RISING TIDE IS A LOVE LETTER TO THE EBB AND FLOW OF THE OCEAN.

Growing up, we each spent the summers soaking up salty beach days on the coast - Ashley in Ocean City, NJ and Sara on Cape Cod, MA. The magnetic pull of the ocean then brought us both to the coastal town of Scituate, MA to raise our families. Inspired by the beautiful place that we call home, Rising Tide was born.

We are grateful to be part of a community that honors the unpredictability of the ocean, from winter nor'easters to summer surf swells. But we embrace the constants of the sea too - the tidal shifts, the daily ebb and flow. It is in these moments that we enjoy the ocean the most. The quintessential beach day has both ends of this tidal shift. Low tide uncovers sand bars, tiny treasures and space for inspiration in the sand. Our kids have made some very impressive sand cars, forts, castles and rock art over the years! As the ocean rises, adventure takes to the water as we hop on paddle boards and kayaks to explore beyond the break. There is a peaceful ease that comes from the rhythmic pattern of the ocean and knowing that it is always there to enjoy. We wanted to create a collection that harbors that same feeling of classic comfort, wherever you may be.

*Sara & Ashley*

(https://risingtidecollection.com/pages/about-rising-tide)

17.    Additionally, Defendant promotes its competing clothing products under the identical RISING TIDE mark through its social media pages which operate under the confusingly similar and near-identical handle @risingtidecollection.



(https://www.facebook.com/risingtidecollection)

8

18.     On or about December 2, 2021, Rising Tide sent Defendant a letter, asserting,
among other things, that Rising Tide has prior rights to the RISING TIDE Mark and RISING
TIDE Logo for clothing and other related items.  Consequently, Rising Tide requested that
Defendant cease use of the RISING TIDE mark on its clothing products and website.

19.     On or about January 7, 2022, Defendant responded to Rising Tide's letter denying
the allegations therein and refusing to discontinue its infringing use of the RISING TIDE.

20.     Notwithstanding Rising Tide's continued objections, Defendant refuses to stop its
infringing use of the RISING TIDE mark.

**INJURY TO PLAINTIFF AND THE PUBLIC**

21.     Defendant's unauthorized use of the RISING TIDE mark is likely to cause
confusion, mistake, and deception as to the source or origin of Defendant, its products, and/or its
commercial activities and is likely to falsely suggest a sponsorship, connection, or association
between Defendant, its products, and/or its commercial activities with Plaintiff Rising Tide.

22.     Defendant's acts, described above, have damaged and irreparably injured and, if
permitted to continue, will further damage and irreparably injure Plaintiff Rising Tide, its
RISING TIDE Mark, its federally registered RISING TIDE Logo, Rising Tide's reputation and
goodwill associated with its marks.

23.     Defendant's acts, described above, have irreparably injured and, if permitted to
persist, will continue to irreparably injure the public, who has an interest in being free from
confusion, mistake, and deception.

24.     Rising Tide has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
<u>**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**</u>

25.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.     Plaintiff's registration and/or use of the federally registered RISING TIDE Logo predates any alleged use by Defendant.

27.     Plaintiff's federal registration of the RISING TIDE Logo on the Principal Register creates a legal presumption of the validity and ownership of the RISING TIDE Logo as well as of Rising Tide's exclusive right to use the mark nationwide on or in connection with the goods listed in the registration.

28.     Defendant has, without the authorization or consent of Rising Tide, used and intends to continue using in commerce a trademark that is confusingly similar to the federally registered RISING TIDE Logo in connection with the sale, offering for sale, distribution, and/or advertising of goods, and such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.     As a direct and proximate result of Defendant's infringement of Plaintiff's RISING TIDE Logo, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement and Unfair Competition Under**
<u>**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**</u>

30.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

10

31.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Plaintiff, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     As a direct and proximate result of Defendant's infringement of Plaintiff's RISING TIDE Mark and RISING TIDE Logo, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**THIRD CLAIM FOR RELIEF**
**Common Law Trademark Infringement**

33.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     Plaintiff's use of the RISING TIDE Mark and RISING TIDE Logo predate any alleged use of the identical RISING TIDE mark by Defendant.

35.     Defendant's actions, as described above, are likely to cause confusion, or to mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities by or with Plaintiff's proprietary rights in its RISING TIDE Mark and RISING TIDE Logo, misappropriates Plaintiff's goodwill in the mark, and unfair competition under Massachusetts common law.

36.     As a direct and proximate result of Defendant's infringement of Plaintiff's RISING TIDE Mark and RISING TIDE Logo, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**
**Common Law Unfair Competition**

37.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38.     Defendant's unauthorized use of the confusingly similar RISING TIDE mark in commerce constitutes unfair competition under Massachusetts common law.

39.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**
**Massachusetts Deceptive Trade Practices Act**
**Under Mass. Gen. Laws c. 93A**

40.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Plaintiff and Defendant are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

42.     Defendant's unauthorized use of the RISING TIDE mark constitutes unfair methods of competition or unfair or deceptive acts or unlawful practices and practices under Mass. Gen. Laws c. 93A § 11, and were committed by Defendant primarily and substantially in the Commonwealth of Massachusetts.

43.     Defendant's actions and conduct was and is willful or knowing within the meaning of Mass. Gen. Laws c. 93A.

44.     As a direct and proximate result of Defendant's willful or knowing conduct, Plaintiff has been severely damaged and will continue to be irreparably damaged unless Defendant's conduct is enjoined.

12

**JURY DEMAND**

45.     Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**PRAYER FOR RELIEF**

46.     WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A.     An Order declaring that Defendant's use of the RISING TIDE mark infringes Plaintiff's RISING TIDE Mark and RISING TIDE Logo and constitutes trademark infringement and unfair competition under federal, state and and/or common law;

B.     A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.     From using, registering, or seeking to register the RISING TIDE mark or any variation of this mark in any form, including but not limited to in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to Plaintiff's RISING TIDE Mark and/or RISING TIDE Logo; and

2.     From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant is/are associated or

13

connected in any way with Plaintiff or otherwise approved,
sponsored by or affiliated with Plaintiff in any way;

C. An Order directing Defendant to destroy all advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the RISING TIDE mark, or any other marks, logos, designs, designations, or indicators that are confusingly similar to Plaintiff's RISING TIDE Mark and/or RISING TIDE Logo;

D. An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Plaintiff's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. An Order requiring Defendant to account for and pay to Plaintiff any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117, Mass. Gen. Laws c. 93A, and other applicable laws;

F. An Order requiring Defendant to pay Plaintiff actual damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, Mass. Gen. Laws c. 93A, and other applicable laws;

G. An Order requiring Defendant to pay Plaintiff all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117, Mass. Gen. Laws c. 93A, and other applicable laws;

H. An Order requiring Defendant to pay Plaintiff damages for trademark infringement and unfair competition under Massachusetts common law;

I. An Order requiring Defendant to pay Plaintiff punitive damages for trademark infringement and unfair competition under Massachusetts common law; and

J.    Other relief as the Court may deem appropriate.

Dated: June 10, 2022                                  Respectfully submitted,

*/s/ Cory C. Bell*
Cory C. Bell, Esq. BBO #705214
Laura K. Johnson, Esq. BBO #681819
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, Massachusetts 02110
Telephone (617) 646-1600
Facsimile (617) 646-1666
cory.bell@finnegan.com
laura.johnson@finnegan.com

B. Brett Heavner, Esq. (*pro hac vice* to be
filed)
Rosie Norwood-Kelly, Esq. (*pro hac vice* to
be filed)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone (202) 408-4000
Facsimile (202) 408-4400
b.brett.heavner@finnegan.com
rosie.norwood-kelly@finnegan.com

*Attorney for Plaintiff*
*Rising Tide Style, LLC*

15